Bruce Earl WARD *v.* STATE of Arkansas

CR 93-823                                    906 S.W.2d 685

Supreme Court of Arkansas
Opinion delivered October 2, 1995

*William R. Simpson, Jr.*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Olan W. Reeves*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. Bruce Earl Ward was convicted of capital murder and sentenced to death. The conviction was affirmed on appeal as to Mr. Ward's guilt, but we remanded the case for resentencing. *Ward* v. *State*, 308 Ark. 415, 827 S.W.2d 110 (1992). A resentencing trial was conducted on February 9, 1993, and Mr. Ward was again sentenced to death. A notice of appeal was filed, and a record filed with this Court.

Counsel for Mr. Ward asserted there were numerous errors in the transcript of the resentencing hearing. We stayed the appeal and remanded the case to the Trial Court to settle the record. The Trial Court held hearings in an attempt to settle the record and entered a long list of corrections based on testimony, primarily by the attorneys involved, as to misidentified speakers as well as omissions which could be reconstructed. The Trial Court,

could not, however, reconstruct the record with respect to a number of bench conferences which were not recorded stenographically. The reporter has destroyed the tape recording of the trial.

In his order responding to our order to settle the record, the Trial Court states, in part:

> 5. That, in spite of the best efforts of both the court and counsel for both parties, and because of Ms. Davis' [the court reporter] incompetence, significant errors and omissions remain in this record. Even though the court has been able to correct the errors and omissions listed in paragraph four, the errors and omissions which remain are such that the record has not been settled. These errors and omissions include, but are not limited to, the absence of transcripts of at least seven bench conferences during which discussions between counsel and the court took place.

> \* \* \*

> 7. That the record of the trial in this matter has not been and cannot be settled.

In response to Mr. Ward's motion for reversal of the death sentence and for a new trial the State cites *Bell* v. *State*, 296 Ark. 458, 757 S.W.2d 937 (1988), in which we denied a new trial upon concluding that, despite omissions which apparently could not be cured, the record before us was sufficient. In that case, the matters missing, due to a courthouse fire, were recordings of pretrial hearings. We stated that the record before us was sufficient to establish what went on the hearings and pointed out that no one had requested that the hearings in question be recorded as was required by a statute subsequently omitted from the Code.

By contrast, in this case it is apparent that the omitted matters which cannot be reconstructed should have been recorded but were not. The State can point to nothing in the record before us which cures the error, and we have no means of ascertaining that the failure to have the missing matters in the record is not prejudicial to Mr. Ward. If a record of trial is insufficient to permit a full review of the proceedings from which an appeal has been taken, we have no alternative but to reverse and order a new trial. *Holiday Inns* v. *Drew*, 276 Ark. 390, 635 S.W.2d 252 (1982).

The death sentence is reversed, and the case is remanded for a new trial on sentencing only.