Ray DANSBY *v.* STATE of Arkansas

CR 00-1218                                    65 S.W.3d 448

Supreme Court of Arkansas
Opinion delivered January 31, 2002

*David W. Talley, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

PER CURIAM. This is an appeal by appellant Ray Dansby from the denial of his petition for postconviction relief under Ark. R. Crim. P. 37.5 in connection with his capital murder convictions and death sentences. Dansby raises multiple issues in his Rule 37.5 appeal, including (1) trial counsel was ineffective in pretrial preparation; (2) trial counsel was ineffective in conducting *voir dire* of the jury panel; (3) trial counsel was ineffective in failing to secure the presence of a witness, Calvin Paschal; (4) trial counsel was ineffective in failing to move to suppress Dansby's statement given to law enforcement; and (5) trial counsel was ineffective in preparing mitigation evidence for the penalty phase of the trial. Counsel for Dansby in this Rule 37.5 appeal has failed to abstract the testimony and rulings from the underlying trial which give rise to his claims of ineffective assistance of counsel. Therefore, we order counsel to refile his brief within thirty days in compliance with Ark. Sup. Ct. R. 4-2(a)(5).[1]

Just last year, this court advised appellant's counsel in a Rule 37.5 death case to correct a flagrantly deficient abstract. *See McGehee v. State*, 344 Ark. 602, 43 S.W.3d 125 (2001). In *McGehee*, we referred to our "heightened standard of review in death cases." *McGehee*, 344 Ark. at 604, 43 S.W.3d at 127. We further referred to our longstanding doctrine that we would not go to the record to reverse a trial court and concluded that an affirmance of the trial court because of an abstract deficiency in this death case would be too harsh.

A proper abstract, which includes material portions of the underlying trial, is essential to this court's review of Rule 37.5 decisions. Without it, we are unable to perform a comprehensive review of Dansby's claim for postconviction relief. When this court adopted Rule 37.5 in 1997, we noted that we were doing so in response to Act 925 of 1997 and the federal Antiterrorism and Effective Death Penalty Act of 1996. Later, we noted the purpose behind Rule 37.5:

> Rule 37.5 evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 1999), where the

---

[1] By *per curiam* order, previous Supreme Court Rule 4-2(a)(6) became Rule 4-2(a)(5). *See In Re: Modification of the Abstracting System - Amendments to Supreme Court Rules 2-3, 4-2, 4-3, and 4-4*, 345 Ark. Appx. (May 31, 2001).

General Assembly expressly noted that *the intent of the Act is to comply with federal law by instituting a comprehensive state-court review. See* section 16-91-204; *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998) *(per curiam)*. *The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. Id.* Thus, "in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure that the denial rests on solid footing." *Id.* at 188-89, 964 S.W.2d at 185.

*Echols v. State*, 344 Ark. 513, 517, 42 S.W.3d 467, 469 (2001) (quoting *Wooten v. State*, 338 Ark. 691, 695-96, 1 S.W.3d 8, 10-11 (1999) (emphasis added)).

The State suggests that this court should go to the record of the underlying trial and read those portions of the trial that pertain to Dansby's claims on appeal. In other words, the State suggests that this court should do appellate counsel's work and engage in the cumbersome process of passing a record back and forth among seven judges in an attempt to find the relevant portions of the record. We decline to do that. Proper abstracting of the record was the obligation of Dansby's attorney.

■ Dansby's counsel, accordingly, is given thirty days to revise the abstract and submit to this court a substitute brief so that we can engage in a meaningful review of his issues on appeal. The argument section of the brief should remain the same as that currently included in the brief before this court. Because the argument portion of the appellant's brief will be unchanged, a response by the State should be unnecessary, unless the State objects in some way to the compilation of the revised abstract.

Rebriefing ordered.

IMBER, J., not participating.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. I agree with the court that, in death cases where a Rule 37 petition is denied on *procedural* grounds, great care should be exercised to assume that the denial rests on solid footing. Here, that assurance exists without rebriefing, because this case can be decided on its merits, not on procedural grounds.

While the appellant here failed to abstract the record, the State has gone to the transcript to argue and discuss the merits of appellant's points. Our court has held repeatedly that it may go to the record to affirm, *see McGehee v. State*, 344 Ark. 602, 42 S.W.3d 474 (2001), and the State asks our court to do so here. Appellant Dansby is in no way prejudiced by our considering his and the State's arguments in these circumstances, since appellant had every opportunity to review the record, as the State did, and argue in reply. The only one prejudiced, if you can call it that, is this court, which is called on to review those few portions of the record relevant to an understanding of appellant's and the State's arguments. Although this court always retains the discretion to require an appellant to abstract the record to cure a deficiency, it need not require such abstracting, if the court can reach the issues on their merits and judicial economy can be served. *Cf. In re: Supreme Court Rules 2-3, 4-2, and 4-4*, 346 Ark. Appx., *per curiam* delivered September 20, 2001.

For the above reasons, I would proceed to consider this appeal on its merits rather than waste time making the appellant abstract a record which in no way is going to help his case, but will serve only to increase attorney's fees and costs and will end in an unnecessary delay of this court's decision.