Bruce Earl WARD *v.* STATE of Arkansas

CR 00-1322                                    65 S.W.3d 451

Supreme Court of Arkansas
Opinion delivered January 31, 2002

*William A. McLean*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Bruce Earl Ward appeals the order of the Pulaski County Circuit Court denying his petition for postconviction relief under Ark. R. Crim. P. 37. A jury convicted Ward of capital murder and sentenced him to death. This court affirmed his conviction on direct appeal, but reversed and remanded for resentencing in *Ward v. State*, 308 Ark. 415, 827 S.W.2d 110, *cert. denied*, 506 U.S. 841 (1992). Ward was again sentenced to death, but this court ordered the case to be remanded for resentencing, due to an error by the court reporter. *See Ward v. State*, 321 Ark. 659, 906 S.W.2d 685 (1995) (*per curiam*). Ward was then sentenced to death a third time, and this court affirmed that sentence in *Ward v. State*, 338 Ark. 619, 1 S.W.3d 1 (1999).

Rule 37.5 provides the postconviction procedure to be applied in death-penalty cases in which the defendant became eligible to file a Rule 37 petition on or after March 31, 1997. *See* Rule 37.5(k). This court issued the mandate affirming Ward's conviction and sentence on October 19, 1999. On February 10, 2000, Ward filed a timely petition for postconviction relief, asserting that he was denied the effective assistance of counsel during his trial. Thus, Rule 37.5 governs this appeal, as Ward became eligible to file his petition under Rule 37.2(c) after March 31, 1997.

In his petition to the circuit court, Ward raised six allegations of ineffective assistance of counsel. A hearing was held on the petition, and the circuit court entered a written order denying relief on July 20, 2000. Ward now appeals the denial of his petition, but limits his appeal to only two of the allegations raised in his original petition. First, Ward argues that he is entitled to relief under Rule 37, because his trial counsel failed to object to the admission of hearsay testimony introduced through State's witness Dale Danzeisen. Second, Ward argues that his counsel was ineffective for failing to seek recusal of the judge who presided over his trial. We are unable to reach the merits of Ward's arguments because the

abstract presented to this court is flagrantly deficient. Specifically, the abstract does not comply with Ark. Sup. Ct. R. 4-2(a)(5),[1] because it does not consist of an impartial condensation of the material proceedings necessary to an understanding of the issues presented to this court.

■ When this court is presented with a deficient abstract, we may summarily affirm the judgment for noncompliance with our rule. *See* Ark. Sup. Ct. R. 4-2(b)(3). Where such a disposition would be unduly harsh, however, this court also has the option to order Appellant's counsel to revise the brief at his own expense. *Id.*; *McGehee v. State*, 344 Ark. 602, 43 S.W.3d 125 (2001). We believe that summarily affirming for a deficient abstract in the present case would be an unduly harsh result, particularly in light of the underlying policy of Rule 37.5.

■ This court has stated that Rule 37.5 requires a heightened standard of review in death cases. *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001) (citing *Jackson v. State*, 343 Ark. 613, 37 S.W.3d 595 (2001). We have also recognized that death-penalty cases are different from other criminal cases, due to the obvious finality of the punishment. *See, e.g., Gregg v. Georgia*, 428 U.S. 153 (1976); *American Civil Liberties Union v. State*, 339 Ark. 314, 5 S.W.3d 418 (1999); *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988), *modified on other grounds, State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999). Furthermore, as this court stated in *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999), the purpose of the exacting requirements of Rule 37.5 is to provide a comprehensive state-court review of a petitioner's claim, thus eliminating the need for multiple postconviction actions in federal court. *See also Echols*, 344 Ark. 513, 42 S.W.3d 467. Summarily affirming this case due to a deficient abstract would deny Appellant his right to a comprehensive state-court review.

■ In light of the foregoing, we order Appellant's counsel, at his own expense, to abstract relevant portions of Appellant's trial, including the complete testimony of witness Dale Danzeisen, as well as any portions of the trial that would support Appellant's argument that counsel was ineffective in failing to seek recusal of the trial judge. The argument portion of Appellant's brief is to remain unchanged. Counsel will have thirty days from the date of

---

[1] By *per curiam* order, previous Supreme Court Rule 4-2(a)(6) became Rule 4-2(a)(5). *See In Re: Modification of the Abstracting System — Amendments to Supreme Court Rules 2-3, 4-2, 4-3, and 4-4*, 345 Ark. Appx. (May 31, 2001).

this opinion to rebrief this matter and file it with the clerk of this court.

Rebriefing ordered.

GLAZE, J., dissents. *See Dansby v. State*, 347 Ark. 509, 65 S.W.3d 448 (January 31, 2002) (*per curiam*).

IMBER, J., not participating.