Bruce Earl WARD *v*. STATE of Arkansas

CR 00-1322

84 S.W.3d 863

Supreme Court of Arkansas
Opinion delivered September 19, 2002

*William A. McLean*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Bruce Earl Ward appeals the order of the Pulaski County Circuit Court denying his petition for postconviction relief filed pursuant to Ark.

R. Crim. P. 37.5.[1] Appellant's petition stated six allegations of ineffective assistance of counsel. Following a hearing, the trial court denied Ward's petition. On appeal, Ward alleges only two instances when his counsel was ineffective: (1) in failing to object to the hearsay testimony of a prosecution witness; and (2) in failing to seek the recusal of the trial judge. Our jurisdiction of this appeal is pursuant to Rule 37 and Ark. Sup. Ct. R. 1-2(a)(8). We find no error and affirm.

As this case has been before this court on numerous occasions, it is unnecessary for us to delve into a recitation of the underlying facts of the case. Those facts were set out in ample detail in *Ward v. State*, 308 Ark. 415, 827 S.W.2d 110, *cert. denied*, 506 U.S. 841 (1992). Suffice it say, Ward was convicted of the capital murder of Rebecca Doss and sentenced to death. On direct appeal, this court affirmed his conviction, but reversed and remanded for resentencing. *Id.* Ward was again sentenced to death, but due to an error by the court reporter, this court again reversed and remanded for resentencing in *Ward v. State*, 321 Ark. 659, 906 S.W.2d 685 (1995). Then, in *Ward v. State*, 338 Ark. 619, 1 S.W.3d 1 (1999), this court affirmed Ward's third sentence of death.

This court issued the mandate affirming Ward's conviction and sentence on October 19, 1999. On February 10, 2000, Ward filed a timely petition for postconviction relief, alleging that his trial counsel rendered ineffective assistance of counsel during his trial. Thus, this appeal is governed by Ark. R. Crim. P. 37.5, as Ward was sentenced to death and became eligible to file his petition after March 31, 1997.

■ ■ At the outset, it must be noted that this court will not reverse the denial of a Rule 37 petition unless the trial court's decision is clearly erroneous. *Cothren v. State*, 344 Ark. 697, 42 S.W.3d 543 (2001); *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). In *State v. Slocum*, 332 Ark. 207, 964 S.W.2d 388 (1998), this court stated that the question on appeal is whether the trial

---

[1] This appeal was previously submitted to this court on January 10, 2002, but was remanded due to a deficient abstract. *See Ward v. State*, 347 Ark. 515, 65 S.W.3d 451 (2002) (*per curiam*).

court clearly erred in holding that counsel's performance was not ineffective under the standard enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* standard, as relied on by this court, provides:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. *See Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000); *Wicoff v. State*, 321 Ark. 97, 900 S.W.2d 187 (1995). Furthermore, this court, consistent with the holding in *Strickland*, has held that an appellant raising allegations of ineffective assistance of counsel is subject to the general requirement of proving prejudice. *Sanford*, 342 Ark. 22, 25 S.W.3d 414. Remaining cognizant of this standard, we now turn to the merits of Ward's arguments on appeal.

## I. Hearsay

For his first point on appeal, Ward argues that his trial counsel was ineffective in failing to object to a portion of testimony elicited through prosecution witness Dale Danzeisen. At the time of Doss's murder, Danzeisen was a newspaper courier for the Arkansas Democrat and supplied newspapers to the gas station where Doss worked. Danzeisen testified that he saw Ward at the station on the night of the murder and that he was in a fit of rage. Danzeisen further testified that two weeks prior to Doss's murder, he witnessed Ward make obscene comments to Doss while at the station. Specifically, Danzeisen testified that he heard Ward tell Doss, "I would like to take you in the back room over the boxes and fuck you up the ass." Ward further stated, "I would like to pull my dick out and make you lick the shit off of it."

Ward's trial counsel, Tom Devine, did not object to the admission of these statements. At the Rule 37 hearing, Devine testified that in hindsight it might have been possible for him to construct a hearsay objection, but that he did not know how successful it would have been. Devine went on to state that the defense team believed Danzeisen's statements were so unbelievable that they would not hurt the defense. According to Devine, Danzeisen was a "[l]oose cannon." Devine further testified that it was the defense's intent to imply that Danzeisen was the one who actually committed the murder. In its written order, the circuit court found that Devine's decision not to object to the statements was a matter of trial strategy and, thus, was not a basis for Rule 37 relief.

Ward's argument on this point is without merit. The argument is premised on the notion that Danzeisen's statements constituted inadmissible hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c). As the State correctly points out, Danzeisen's statements are an admission by a party opponent. Rule 801(d)(2)(i) provides in relevant part that a statement is not hearsay if "[t]he statement is offered against a party and is (i) his own statement, in either his individual or a representative capacity[.]"

In *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997), the appellant made statements to a nurse who was drawing a sample of his blood that he wanted her to give him his lethal injection. This court held that the statements were admissible as an admission by a party opponent, because they were the appellant's own statements and were being offered against him at trial. Likewise, the statements at issue here were statements made by Ward and offered against him at trial and, thus, constitute an admission of a party opponent. The court in *Webb* also pointed out that a claim concerning how a defendant's statement should be interpreted does not go to the admissibility of the statement, but only to its weight, which lies within the province of the jury. *Id.* Moreover, this court has held that evidence linking a perpetrator to a victim is both relevant and evidence. *Johnson v. State*, 326

Ark. 430, 934 S.W.2d 179 (1996), *cert. denied*, 520 U.S. 1242 (1997). Here, Ward's statements were relevant evidence demonstrating Ward's knowledge at the time of the murder.

■ In sum, even if Ward's counsel had attempted to object to the admission of the statements, any such objection would have failed. This court has often held that counsel cannot be found ineffective for failing to make an argument that could not succeed. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001); *Sanford*, 342 Ark. 22, 25 S.W.3d 414.

## II.   Recusal

■ For his second point on appeal, Ward claims that his trial counsel was ineffective in failing to seek the recusal of the trial judge, because the trial judge was biased against him. This perceived bias is based on an instance during the trial in which the trial judge would not allow defense counsel to approach the bench in order to make an objection, but would allow the state's attorney to approach. Ward, however, makes no argument to this court that his counsel's failure to seek the judge's recusal prejudiced him. In fact, in this point on appeal, Ward simply asks the court to revisit the issue in light of Justice Dudley's dissent to the opinion in *Ward I*. This court has repeatedly held that arguments unsupported by authority or convincing argument will not be considered by this court. *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001); *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998). Thus, where a party presents no convincing argument nor cites to any convincing legal authority, this court will not reach the merits of that point on appeal. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998); *Williams v. State*, 329 Ark. 8, 946 S.W.2d 678 (1997). Ward's failure to make an argument and cite authority in support of that argument is sufficient reason for this court to affirm the trial court's ruling on this point. *See Bunch*, 344 Ark. 730, 43 S.W.3d 132.

■ Nonetheless, even if the argument was properly presented to us, it would still fail. Justice Dudley's dissent demonstrates that this court has already addressed this precise issue in Ward's direct appeal. Justice Dudley noted that he had reviewed

the record pursuant to Ark. Sup. Ct. R. 11(f) (now Rule 4-3(h)), which required a contemporaneous objection in order to preserve an issue for review. Thus, Appellant's counsel made a sufficient enough objection to preserve this issue for appellate review, and the matter was considered in Ward's direct appeal. In *Ward I*, pursuant to our review of the record, this court determined that no prejudice resulted from the trial judge's refusal to allow counsel to approach the bench on this one specific occasion. This court will not reconsider those issues that have been considered on direct appeal. *Camargo v. State*, 337 Ark. 105, 987 S.W.2d 680 (1999). Thus, the court's decision in *Ward I* is the law of the case on this issue.

Affirmed.