Roderick D. LEWIS *v.* STATE of Arkansas

CR 02-1268                                                        123 S.W.3d 891

Supreme Court of Arkansas
Opinion delivered October 9, 2003

*William R. Simpson, Jr.*, Public Defender; *Bret Qualls*, Deputy Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Roderick D. Lewis was convicted of capital murder and sentenced to life imprisonment without the possibility of parole. Lewis hinges his entire argument on an allegation that the record is incomplete so as to render his conviction in violation of state and federal law. We disagree and affirm his conviction and sentence.

On August 14, 2001, a man identified as Roderick "Ra-Ra" Lewis shot and killed Samuel "Cameo" Lunnie in the doorway of a house where Cameo's girlfriend, Charlotte Kendal, and her baby

lived. The two men had been standing in the doorway and talking when Lewis decided to force his way into the house. Cameo tried to bar his entry by pushing the door closed. A pushing match ensued, at which point Charlotte's mother and two other women attempted to help Cameo close the door. When Cameo told the women to step back, he slipped and fell. Lewis then shot Cameo a total of five times, with one shot to his chest and the other four shots to his back. The three eyewitnesses testified that after expending all the rounds in the weapon, Lewis "clicked" the trigger three more times.

By the time police officers arrived at the scene, Lewis was gone. Later, he turned himself in, and, on October 10, 2001, the State filed a felony information charging Lewis with capital murder. During the investigation, officers used a photographic-array lineup as a method for identifying Lewis as the perpetrator. The lineup consisted of six individual photographs, including one of Lewis. All three eyewitnesses identified Lewis from the six-person photo lineup.

Prior to trial, Lewis sought to suppress the photo lineup as being unduly suggestive. The court held an omnibus hearing and the defense called several witnesses to testify about the photo-lineup procedure. The witnesses all testified that Lewis was the only person in the photo lineup who was smiling or crying. Lewis introduced the photo lineup as an exhibit, and the court admitted it into evidence. The hearing concluded with the circuit court's denial of Lewis's motion to suppress.

At the jury trial on July 16, 2002, the three eyewitnesses testified that they saw Lewis shoot Cameo. All three explained that they knew who Lewis was and had seen him before the day of the shooting. In addition, all three verified that they had previously identified Lewis from a photo lineup, and then made an in-court identification of Lewis from the stand. At the close of all the evidence, the case was submitted to the jury. The jury found Lewis guilty of capital murder. Prior to sentencing, the State waived application of the death penalty; thus, the court automatically sentenced Lewis to life imprisonment without parole. *See* Ark. Code Ann. § 5-4-602(3) (Repl. 1997).

Lewis sought to appeal from his conviction based upon an argument that the photo-array lineup was unduly suggestive. He timely filed a notice of appeal and lodged the record. The record, however, failed to include the photo lineup introduced at the

omnibus hearing. We granted Lewis's motion for abeyance of briefing schedule in order to give defense counsel an opportunity to locate the photo array. Notwithstanding inquiries made by defense counsel to the court clerk, the court reporter, as well as the prosecutor and the officers involved with the investigation, the original photo lineup was never located.

On February 20, 2003, this court issued a writ of certiorari to the court reporter ordering the original photo lineup to be tendered to the court. On March 19, 2003, the court reporter returned the writ without the original photo lineup. The court reporter did, however, tender a black-and-white photocopy of the original photo array along with an affidavit.

After the writ was returned, Lewis moved for summary reversal of his conviction based upon the omission of the original photo array. Lewis argued that he intended to challenge the circuit court's denial of his motion to suppress the photo identifications, and that without the original photo lineup in the record, his appeal would be fatally defective under a due-process standard. We denied that motion without prejudice. Now, on appeal, Lewis argues as he did in his motion, that without the original photo lineup in the record, his state and federal constitutional protections have been violated such that he cannot obtain a full and fair appeal and his conviction should be reversed and remanded.

■■ Lewis begins his argument by explaining that Arkansas has demonstrated its preference for having a full and complete record through various procedural rules, legislative enactments, and case law. Specifically, Lewis directs this court to Arkansas Rule of Appellate Procedure—Criminal 4(b) (2003), Arkansas Rule of Appellate Procedure—Civil 6 (2003), Administrative Order of the Court No. 4 (2001), Ark. Code Ann. § 16-13-510 (Repl. 1994), Arkansas Supreme Court Rule 3-5 (2003), and *Ward v. State,* 321 Ark. 659, 906 S.W.2d 685 (1995) (per curiam). We certainly agree that there exists a preference for a complete record. However, we have held that a full and complete record is not necessary; instead, we evaluate the record on appeal to determine whether it is sufficient for us to perform a review of the claimed errors. *See Ward v. State,* 321 Ark. 659, 906 S.W.2d 685 (1995) (per curiam); *Bell v. State,* 296 Ark. 458, 757 S.W.2d 937 (1988). We explained in *Ward v. State, supra,* that a record may be sufficient even though it contains uncorrectable

omissions. *See also Bell v. State, supra.* Furthermore, it is the appellant's duty to demonstrate that prejudice results from the state of the record. *Bell v. State, supra.*

■ Here, Lewis argues that the state of the record is insufficient for him to make an argument that the circuit court erred in denying his motion to suppress the photo identifications. Lewis filed a motion prior to trial requesting that both the photo identifications made by the witnesses and any in-court identification be suppressed. The court ruled that the photo identifications would be admissible. At trial, however, Lewis did not object to in-court identifications made by the witnesses. This court has held that a challenge to an out-of-court identification based on a photo array is not preserved for review where, despite challenging the photo identification prior to trial, the appellant failed to object to the victim's in-court identification. *See Fields v. State,* 349 Ark. 122, 76 S.W.3d 868 (2002); *Goins v. State,* 318 Ark. 689, 890 S.W.2d 602 (1995). To preserve a challenge to a pretrial photographic identification, we require a contemporaneous objection to in-court identification at trial. *Fields v. State, supra.*

■ As already noted, Lewis did not object to the in-court identifications at trial. Therefore, because Lewis's only point on appeal would have been procedurally barred, we hold that the record on appeal in this case is sufficient.[1] Nonetheless, Lewis contends that the imperfection in the record renders the appeal deficient under federal and state guarantees of due process of law, equal protection, and the right to effective assistance of counsel. As Lewis's sole point on appeal would have been procedurally barred, the constitutional arguments are rendered moot, and we decline to address them. *See Quinn v. Webb Wheel Products,* 334 Ark. 573, 976 S.W.2d 386 (1998) (refusing to address the merits of moot constitutional argument); *Williams v. State,* 325 Ark. 432, 930 S.W.2d 297 (1996); *Johnson v. State,* 314 Ark. 471, 863 S.W.2d 305 (1993).

In compliance with Ark. Sup.Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by

---

[1] We note that we have reviewed trial court rulings pertaining to the reliability of a photo-array identification even when the allegedly suggestive photographic lineup was not part of the record. *See Jackson v. State,* 318 Ark. 39, 883 S.W.2d 466 (1994); *Chism v. State,* 312 Ark. 559, 853 S.W.2d 255 (1993); *Robinson v. State,* 317 Ark. 17, 875 S.W.2d 837 (1994).

either party that were decided adversely to appellant, and no prejudicial error has been found.

Affirmed.

BROWN, J., not participating.