Timothy ZACHARY  *v.*  STATE of Arkansas

CR 04-100                                          188 S.W.3d 917

Supreme Court of Arkansas
Opinion delivered June 24, 2004

*Gregory Bryant*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Chief Justice. Timothy Zachary appeals a conviction of possession of a controlled substance with intent to deliver and a sentence of 20 years. On appeal, Zachary raises two points for reversal: (1) whether the evidence was sufficient to sustain his conviction, and (2) whether the trial court erred in refusing to grant his motion for a mistrial. Neither of Zachary's arguments has merit, and we affirm the judgment of the trial court.

## Facts

On July 26, 2001, detectives from the Little Rock Police Department noticed Kerry Billings leaving a BP convenience store with three boxes of Sudafed, an over-the-counter cold medication sometimes illegally used as a precursor in the manufacture of methamphetamine. The detectives followed Ms. Billings's car as she drove down Interstate 630, through a residential area and onto Barrow Road. The officers observed Zachary, who was a passenger in the Billings vehicle, throwing small boxes from the window of the car. The police initiated a traffic stop and were given consent to search the vehicle. The officers found three blister packs of Sudafed tablets under the dashboard, and they discovered a plastic bag containing .0993 grams of methamphetamine in Zachary's pocket and $1,677.00 cash in his wallet. Zachary was charged with possession of a controlled substance with intent to deliver.

Before trial, the court granted Zachary's motion *in limine* to deny the admission of testimony that Ms. Billings was trying to

evade the police or avoid apprehension by them. At trial, Zachary moved for a mistrial due to an alleged violation of the court's motion in limine. The trial judge denied the motion but, in order to dispel any potential prejudice to Zachary, the court gave a curative instruction, admonishing the jury to disregard any reference to the testimony regarding what Ms. Billings might have been thinking while driving the car. At the close of the State's case, and again at the close of all evidence, Zachary moved for a directed verdict and moved to reduce the charge of possession of a controlled substance with intent to deliver to the lesser charge of possession of a controlled substance. Both motions were denied. A Pulaski County jury convicted Zachary of possession of a controlled substance with intent to deliver, and it sentenced him to twenty years in prison. This appeal follows.

## Directed Verdict

For his first point on appeal, Zachary contends that there was insufficient evidence to convict him of possession of a controlled substance with intent to deliver, and that the trial court should have reduced the charge to simple possession of a controlled substance. We disagree. Motions for a directed verdict are challenges to the sufficiency of the evidence. *Lowe v. State*, No. CR 03-1173, slip op. (May 27, 2004). When reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the guilty verdict, considers only that evidence supporting the verdict, and affirms if substantial evidence supports the verdict. *Cook v. State*, 350 Ark. 398, 86 S.W.3d 916 (2002). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other and permits the trier of fact to reach a conclusion without having to resort to speculation or conjecture. *Lowe, supra*. Where circumstantial evidence alone is relied upon, it must exclude every other reasonable hypothesis, other than that of guilt of the accused, to be substantial. *Lowe, supra*. We will disturb a jury's determination in this regard only if the evidence leading to the guilty verdict falls short of the standard of substantial evidence. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003).

In this section of his appellate brief, Zachary merely provides the standard of review, a statute regarding the amount

necessary for a presumption of possession with intent to deliver, and a litany of facts. However, in offering nothing more than conclusory statements, he fails to actually argue that possession of less than 200 mg of methamphetamine and the existence of large amounts of unexplained cash alone is insufficient to convict him. It is well settled that conclusory arguments, without supporting authority, will not be considered. *Skiver v. State*, 336 Ark. 86, 983 S.W.2d 931 (1999); *Collins v. State*, 308 Ark. 536, 826 S.W.2d 231 (1992); Cox v. State, 305 Ark. 244, 808 S.W.2d 306 (1991). Moreover, this court has long held that arguments unsupported by authority or convincing argument will not be considered by this court. *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003); *Ward v. State*, 350 Ark. 69, 84 S.W.3d 863 (2002). Thus, we need not address the merits of this point on appeal, and affirm the trial court on this point.

### Mistrial

For his second and final point on appeal, Zachary asserts that the trial court erred in denying his motion for a mistrial. Again, we disagree. We have held that a mistrial is a drastic remedy, to be employed only when an error is so prejudicial that justice cannot be served by continuing the trial, and when it cannot be cured by an instruction to the jury. *Standridge v. State*, No. CR 03-558, slip op. (April 29, 2004). The decision to grant a mistrial is within the sound discretion of the trial court and will not be overturned absent a showing of abuse or manifest prejudice to the appellant. *Id.*

Specifically, Zachary cites three incidents wherein the trial court allegedly committed error by not declaring a mistrial. In the first instance, Detective Steve Pledger testified that he investigated methamphetamine labs as a part of his duties as a narcotics officer. Zachary timely moved for a mistrial, asserting that, because his client was not charged with manufacturing methamphetamine, it was prejudicial for the jury to hear that Detective Pledger investigated meth labs. Though the trial court denied the motion, it did offer the following curative instruction to the jury:

> You are instructed that you are not to take into consideration at all the fact that this detective . . . deals with meth labs in determining

whether or not the defendant in this case is innocent or guilty. This °defendant is not on trial for manufacturing or being involved in a meth lab manufacturer. So the fact that this detective does that as a line of his work should not by you in any instance be used to determine the guilt or innocence of this defendant.

It is well settled that an admonition to the jury usually cures a prejudicial statement unless it is so patently inflammatory that justice could not be served by continuing the trial. *Moore v. State*, 323 Ark. 529 (1996), 915 S.W.2d 284; *King v. State*, 317 Ark. 293, 877 S.W.2d 583 (1994); *Carmichael v. State*, 296 Ark. 479, 757 S.W.2d 944 (1988); *Ronning v. State*, 295 Ark. 228, 748 S.W.2d 633 (1988). Moreover, Zachary concedes in his appellate brief that this incident alone is not sufficient to warrant reversal. However, he contends that the "mistrial" incidents, taken together, do warrant reversal. As we explain below, there was no error in the other two mistrial incidents. So, on the basis of Zachary's own concession, this argument is without merit. Furthermore, the trial court gave an admonition to the jury, to which Zachary did not object as being insufficient to cure any error. Accordingly, we hold that the detective's statement was not so prejudicial that it could not be cured by the admonition to the jury, and we affirm the trial court's denial of Zachary's motion for a mistrial.

With regard to the other two instances in which Zachary claims the State's witnesses violated the appellant's motion *in limine*, while Zachary did object to the responses given by Detectives Pledger and Greg Siegler, he never asked the court to declare a mistrial. This court has held that, generally speaking, a trial court is under no duty to declare a mistrial *sua sponte*, and we typically decline to hold that a judge commits reversible error by failing to order a mistrial on his own motion when none was requested. *Rankin v. State*, 329 Ark.379, 948 S.W.2d 397 (1997). Moreover, we have held that failure to seek relief in the form of an admonition or a motion to declare a mistrial precludes this court's consideration of the issue. *Puckett v. State*, 324 Ark. 81, 918 S.W.2d 707 (1996); *See also Brown v. State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993).

Notwithstanding the fact that Zachary did not move for mistrial, the trial court apparently inferred such a motion was

made, and, in both cases, denied "the motion for mistrial" when Zachary had merely objected. The trial court then gave curative instructions in both instances, thus dispelling any possible prejudice that might have resulted from the officer's statements. In the first instance, when Zachary made his objection to Detective Pledger's testimony, the trial court admonished the prosecutor to refrain from asking Pledger about what Ms. Billings, the driver, appeared to be thinking as the police pursued the vehicle. Next, after Zachary objected to Detective Siegler's testimony, the trial court, *sua sponte*, admonished the jury to disregard any reference to the testimony about what the driver might have been thinking as she drove. Zachary did not object to either admonition, nor did he ask for a clarification of the admonitions. Therefore, he is deemed to have found them satisfactory. *See Cotton v. State*, 276 Ark. 282, 634 S.W.2d 127 (1982) (no prejudicial error demonstrated where the appellant apparently did not perceive the trial court's *sua sponte* admonition as being deficient since he did not ask for a clarification nor object to the adequacy of the admonition). Here Zachary objected in both instances; the trial court sustained his objections, and admonitions were given. Thus, Zachary received all of the relief he requested, so he cannot complain on appeal. *See. Rankin, supra*; *Stephens v. State*, 328 Ark. 81, 941 S.W.2d 411 (1997).

Circuit court affirmed; court of appeals reversed.