## Kingrale COLLINS *v.* STATE of Arkansas

CR 05-71                                    220 S.W.3d 684

### Supreme Court of Arkansas
### Opinion delivered December 15, 2005

*Bill Luppen*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

Per Curiam. ■ Kingrale Collins appeals the denial of his petition for postconviction relief under Ark. R. Crim. P. 37.5. Collins was convicted of capital murder and sentenced to death. He raises five issues on appeal, including issues that require reference to events at trial. However, the brief on appeal contains no abstract of the relevant portions of the trial giving rise to his claims of ineffective assistance of counsel. We note that Collins includes in the record a copy of his brief, including the abstract, from his direct appeal in 1999. However, this fails to meet the requirements of our rules for two reasons. First, as we have repeatedly stated, we will not pass a record among seven justices. *Dansby v. State,* 347 Ark. 509, 65 S.W.3d 448 (2002). Second, Ark. Sup. Ct. R. 4-2(a)(5) sets out specific requirements for the abstract:

> The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or empha-

sis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

An abstract that served on direct appeal may not necessarily fulfil the requirements of an abstract on a rule 37 petition. Proper abstracting is the obligation of Collins's attorney. *Dansby, supra.* Therefore, we order counsel to refile this brief within thirty days in compliance with Ark. Sup. Ct. R. 4-2(a)(5). *See Dansby, supra.* In *Dansby,* we ordered rebriefing because of our heightened standard of review in death cases, our longstanding rule that we do not go to the record to reverse a trial court, and our conclusion that an affirmance of the trial court because of an abstract deficiency in a death case would be too harsh. *Id.*

Collins is given thirty days to revise the abstract and submit to this court a substitute brief. The argument section of the brief shall remain the same as that currently included in the brief before this court. Because the argument portion of the appellant's brief will be unchanged, a response by the State should be unnecessary, unless the State objects in some way to the abstract provided.

Rebriefing ordered.