# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–421

| | |
|---|---|
| | Opinion Delivered   OCTOBER 21, 2015 |
| RONALD EWING HARDIN | APPEAL FROM THE JACKSON |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR-10-181] |
| V. | |
| | HONORABLE HAROLD S. ERWIN, |
| | JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Ronald Ewing Hardin appeals the January 13, 2015 order of the Jackson County Circuit Court that denied his petition to set aside a no-contact order issued in November 2010. Appellant contends that the no-contact order's duration of ten years exceeded that permitted by Arkansas Code Annotated section 16-85-714 (Supp. 2013). We affirm.

The record reflects the following. On November 16, 2010, appellant was charged with commercial burglary, third-degree battery, and one count of terroristic threatening in relation to a break-in at the office of Gary Shumate. In the affidavit, appellant was alleged to have broken into Shumate's farm shop and entered Shumate's office, where appellant physically attacked and threatened to kill Shumate. Appellant was arrested on November 17, 2010.

As a condition of appellant's release, a two-page no-contact order was filed on November 18, 2010, wherein appellant was ordered not to contact Shumate in any way, to stay at least 200 yards away from him, and to stay away from Shumate's residence and workplace. The no-contact order further ordered that appellant not be in possession of any weapons, firearms, or ammunition for the duration of this no-contact order. The no-contact order recited that it was issued on November 18, 2010, and was to expire on November 18, 2020. Appellant was served with a copy of the order in open court, and appellant's signature appears on it.

In February 2012, a judgment and sentencing order reflected that the charges on commercial burglary and terroristic threatening were nolle prossed, but that appellant entered a negotiated plea of guilty on third-degree battery. Appellant was sentenced to one month in the county jail and eleven months of suspended imposition of sentence. Court costs, fines, and fees of $670 were also assessed and immediately due. No reference was made to the no-contact order.

In September 2014, appellant filed a petition to set aside the no-contact order on the basis that it could not be in effect beyond the adjudication on the criminal charges. Appellant's petition recited that no-contact orders of this type are found in Arkansas Rule of Criminal Procedure 9.3 and Arkansas Code Annotated section 16-85-714, and that "[t]here exists no statutory authority for such an Order and thus it should be set aside and held for naught." The trial court denied the petition, and this appeal followed.

On appeal, appellant contends that "Arkansas Code Annotated section 16-85-714 speaks for itself," and that by statute, this no-contact order "would be considered an illegal sentence." The State argues that this statute did not exist when this no-contact order was issued, and thus it does not apply. We agree with the State.

Arkansas Code Annotated section 16-85-714 was enacted in the 2011 legislative session by Act 589 § 1, with an effective date of July 27, 2011. This statute specifically places time limitations on the duration or extension of any no-contact orders issued under its authority.[1] Subsection (c) of the statute provides:

> (1) A court may set the duration of a no contact order issued under this section for an additional period of time after the adjudication of the offense for which the defendant was originally charged if it determines the additional period of time is necessary to protect the safety of a person, persons residing with the person, or members of the person's immediate family.
>
> (2) The duration or extension of the no contact order shall not be for more than one (1) year from the date of issuance or, if the original charge is adjudicated with a finding of the defendant's guilt, from the date of sentencing.

Appellant argues that according to this statute, this no-contact order could not extend beyond February 2013 at the very latest, being one year following his sentencing for third-degree battery, given that no additional findings were made to support it. We disagree.

Arkansas Code Annotated section 16-85-714, enacted in 2011, refers only to no-contact orders "issued under this section." *Id.* at subsection (c)(1). The 2010 no-contact

---

[1]The statute generally tracks the parameters of setting conditions for the pretrial release of a defendant, of providing written notice of those conditions to the defendant, and the procedure upon a violation of those conditions, outlined in Arkansas Rules of Criminal Procedure 9.3, 9.4, and 9.5.

order was not issued under section 16-85-714. Our supreme court has been very clear about statutory construction and whether a statute should apply retroactively or prospectively:

> In determining legislative intent, we have observed a strict rule of construction against retroactive operation and indulge in the presumption that the legislature intends statutes, or amendments thereof, to operate prospectively only and not retroactively. Only when the General Assembly expressly provides that an act should be applied retroactively will we do so. We have held that, in the absence of a provision stating that an act will apply retroactively, the act will apply prospectively only. Therefore, unless it expressly states otherwise, we presume the legislature intends for prospective application of its laws, and any interpretation of an act must be aimed at determining whether retroactive effect is stated or implied so clearly and unequivocally as to eliminate any doubt.

*Bolin v. State*, 2015 Ark. 149, at 4–5, 459 S.W.3d 788, 791 (internal citations omitted).

Appellant presents no convincing argument or compelling authority that this no-contact order, surviving beyond the adjudication on the criminal offense, would be considered a sentence, and an illegal one, other than his bare assertion that it is. Our supreme court instructs that arguments unsupported by convincing legal authority or convincing argument will not be considered by the appellate courts. *Ward v. State*, 350 Ark. 69, 84 S.W.3d 863 (2002); *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001); *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998).

Because section 16-85-714 does not apply to this 2010 no-contact order, we affirm.

Affirmed.

KINARD, J., agrees.

GRUBER, J., concurs.

**RITA W. GRUBER, concurring.** As noted by the majority, appellant's petition to set aside the no-contact order referred to both Arkansas Rule of Criminal Procedure 9.3 and

4

Arkansas Code Annotated section 16-85-714. His petition recites the title of Rule 9.3,

*Prohibition of Wrongful Acts Pending Trial*, and alleges that "somewhere a form was incorrectly

prepared that purports to enforce a 10 year prohibition on contact pursuant to a pre-trial

release Order."

Appellant argued to the trial court that the no-contact order "doesn't say under what

statutory authority it was issued, but [presumably] it would be Rule 9.3, prohibition against

wrongful acts pending trial." The State responded, "It's our standard-no contact order but

it was the State's intent that after Mr. Hardin pled guilty to a misdemeanor battery on the

victim, . . . that the no-contact order would remain in effect for ten years." Appellant

concludes in his brief to this court:

> It seems apparent that at some point an error was made and certain parts of the
> form Order of Protection found elsewhere in the Arkansas Code were blended into
> the No Contact Orders issued by the Circuit Court in criminal cases in Jackson
> County, Arkansas.[2] *The State can point to no authority, because none exists, by which a
> circuit court can issue a pre-trial order requiring a defendant to give up certain legal rights for a
> period of ten years or face potential contempt charges*, particularly where the ultimate
> adjudication results in a misdemeanor conviction and neither the State nor Defendant
> contemplated that the prohibitions contained in the pretrial no contact order would
> survive the conviction. *The No Contact Order issued in the Jackson County case should be
> set aside and held for naught.*

---

[2]Among the items that were check-marked in the no-contact order against Hardin was
No. 2: "You are ordered to immediately leave and stay away from the victim's
residence/apartment complex . . . or wherever else you may have reason to know the Victim
may reside. The Court also ORDERS you not to shut off, or cause to be shut off, any utilities
or mail delivery to the victim, and not to interfere in any way with the victim's right to
possess that residence." Item No. 4, which was not check-marked, states: "You may exercise
visitation rights. Peaceful contacts with the Victim are allowed in accordance with a
Chancery Court Order." This language is common to that formerly found in chancery cases
and now found in domestic-relations cases.

(Emphasis added.)

Appellant's arguments to this court focus on the application of the 2011 statute to the 2010 no-contact order and on the fact that the 2012 plea negotiations did not reference the 2010 order. He has not developed any argument that, even under Arkansas Rule of Criminal Procedure Rule 9.3, the circuit court lacked authority to issue a pretrial no-contact order for a ten-year period and to allow it to survive adjudication. We cannot address arguments that are not well developed or arguments unsupported by convincing authority, *Stewart v. State*, 2010 Ark. App. 9.

I agree with the majority's decision to affirm based on the only argument presented to us, that the trial court erred in not retroactively applying Arkansas Code Annotated section 16-85-714 to the 2010 no-contact order. Therefore, I concur.

*John H. Bell*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.