1811

Earl DOLIVE and the City of North Myrtle Beach, SC, a municipal Corporation, Appellants v. J.E.E. DEVELOPERS, INC., and the Zoning Board of Appeals of the City of North Myrtle Beach, Billy Smith, Eddie Williams and Jim Grappo, Respondents.

(418 S.E. (2d) 319)

Court of Appeals

*Louis M. Cook*, North Myrtle Beach, and *Roy D. Bates*, Columbia, *for appellants.*

*Preston B. Haines, III* and *Howell V. Bellamy, Jr.*, Myrtle Beach, *for respondents.*

Heard March 9, 1992.

Decided May 11, 1992

SHAW, Judge:

The North Myrtle Beach Zoning Board of Appeals granted J.E.E. a variance in off-site parking requirements for commercial use of a beachfront lot and the circuit court affirmed. Dolive and the City of North Myrtle Beach appeal. We affirm.

The issues before us on appeal are whether the circuit court erred in (1) allowing additional matters into the record on appeal from the Zoning Board and (2) affirming the Zoning Board's decision as it was an error as a matter of law and was unsupported by the evidence.[1]

J.E.E. owns property in North Myrtle Beach on which it planned to build an 80 unit motel. However, the 1988 Beachfront Management Act was subsequently passed resulting in the loss of approximately 62 feet of the property in question. This loss of 62 feet prevented J.E.E. from complying with the North Myrtle Beach Zoning Ordinance which mandated a minimum of 75 percent of required parking be on-site. Thereafter, J.E.E. applied for a variance, seeking to construct a 56 unit motel with 39 percent on-site parking and the remainder of the required parking located on a lot directly across the street.[2]

Following a hearing on the matter, the Board found J.E.E. had purchased the property prior to the enactment of the Beachfront Management Act and, at that time, could have located 75 percent of the required parking on-site. However, the Act's set-back requirement reduced the depth of the lot

---

[1] The appellants argue in their brief that no change of circumstances was shown that would justify granting a variance which had previously been denied. There is no indication this issue was raised before the trial judge and it is not addressed in his order. Further, the appellants failed to raise it by way of petition to the circuit court and by way of exception to this court. We, therefore, cannot consider it on appeal.

[2] At a hearing before the Zoning Board the attorney for J.E.E. indicated a 20 unit hotel would allow for the required 75 percent on-site parking, but it would be economically infeasible and "to make the project economically work" J.E.E. would have to build a 56 unit motel.

by 62 feet, forcing J.E.E. to lose the space for most of the required parking. The Board found this caused an unnecessary hardship on J.E.E. and voted to grant the variance upon certain conditions.

Dolive and the City appealed. The circuit court signed a form order affirming the Board. Appellants timely filed a notice of intent to appeal and the respondents timely filed a motion under Rule 59(e), SCRCP requesting reconstruction of the record and a full written order.[3] J.E.E. asserted the full factual evidence presented to the Board was not included in the record through a clerical error. At a hearing before the court, J.E.E.'s counsel indicated the record of the proceedings before the Zoning Board and did not contain any of the evidentiary presentation made before the Board because of some problem in the recording of the testimony presented. He indicated portions of the tape were incapable of being transcribed and asked that he be allowed to reconstruct the record. The court requested affidavits from the Board's chairman and witnesses who testified. The appellants suggested a remand for a hearing *de novo,* but the court declined to do so and instructed J.E.E. to obtain the affidavits and give them to the appellants for objections, allowing the appellants to get counter-affidavits. The court agreed to allow J.E.E. to reconstruct the record.

J.E.E. submitted the affidavit of Cary McLeod, former Board chairman. The court ruled this affidavit satisfied the deficiency in the record certified to the court. The affidavit contained the following:

1. J.E.E. was impacted by the Act which, in effect, reduced the property available for parking;
2. Any decision reached for J.E.E. would have no effect on other requested variances;
3. In considering extraordinary and exceptional conditions, witnesses testified they were extraordinary and exceptional to this property because the Act effectively reduced the land available for use by over 60 feet;
4. Witnesses testified application of the 75 percent on-

---

[3] The appeal to the Supreme Court from the form order was dismissed without prejudice.

site parking would cause unnecessary hardship to J.E.E. because the Act had caused J.E.E. to reduce its project twice from 80 units to the proposed 56 units;

5. J.E.E. provided evidence of the purchase price of the property, its current value, and the various expenses already incurred in attempting to use the property, and as to the fact that a parking deck was not economically feasible;

6. Witnesses indicated the Act's application to this lot was unique in that it caused the lot to lose 50 feet of the oceanmost portion of land;

7. In considering whether the variance would cause substantial detriment to the public good, J.E.E. provided evidence that the area was zoned as a motel area consistent with J.E.E.'s proposed use, J.E.E.'s proposed building would increase the value of adjacent property, and there would be little if no impact on traffic and safety considerations given the geography of the area.

Appellants first contend the circuit court erred in allowing additional matters into the record on appeal arguing that, while Title 5 zoning cases allow supplementation of the record, there is no such provision for Title 6 zoning cases under which this case falls. However, this case does not involve supplementation of the record. The circuit court merely allowed J.E.E. to reconstruct the record by means of an affidavit. In *China v. Parrott*, 251 S.C. 329, 162 S.E. (2d) 276 (1968), our Supreme Court held, where portions of stenographic notes of a trial proceeding were lost before they were transcribed by the court reporter, it was not error for the trial judge to consider affidavits of plaintiff's counsel and the court reporter in determining what transpired. Based on the facts that this matter has already been twice appealed to the circuit court and the loss of the vital portions of the record appear to have been through no fault of the respondent, we find no error in the circuit court's ruling allowing for reconstruction of the record.

Appellants further contend the circuit court erred in affirming the Board's decision as the statutory requirements were not met and were not supported by the evidence. We disagree. S.C. Code Ann. § 6-7-780 (1976) provides in pertinent part:

The findings of fact by the board of appeals shall be final and conclusive on the hearing of such appeal. In determining the questions presented by the appeal the court shall determine only whether the decision of the board is correct as a matter of law.

Under S.C. Code Ann. 6-7-740 (Supp. 1991) and the applicable local ordinance in effect at the time, the Board has the authority to grant a variance in such individual case of unnecessary hardship upon a finding by the board that:

(a) There are extraordinary and exceptional conditions pertaining to the particular piece of property in question because of its size, shape, or topography, and

(b) The application of the ordinance or resolution of this particular piece of property would create an unnecessary hardship, and

(c) Such conditions are peculiar to the particular piece of property involved, and

(d) Relief, if granted, would not cause substantial detriment to the public good or impair the purposes and intent of the ordinance or resolution or the comprehensive plan, provided, however that no variance may be granted for use of land or building or structure that is prohibited in a given district by ordinance or resolution.

A board of adjustment is vested with wide discretion in determining whether to grant a variance due to unnecessary hardship and its decision should be given great weight and its discretion should not be interfered with unless it is arbitrary or clearly erroneous. *Hodge v. Pollock*, 223 S.C. 342, 75 S.E. (2d) 752 (1953). Given the circuit court's limited scope of review and the Board's wide discretion, we find the circuit court properly concluded the evidentiary record presented to the Board supported the Board's decision to grant the variance. The order below is therefore affirmed.

Affirmed.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.