639 A.2d 696

Robert **WILSON**

v.

**STATE of Maryland.**

**No. 68, Sept. Term, 1993.**

Court of Appeals of Maryland.

April 15, 1994.

Gary S. Offutt, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief) Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief) Baltimore, for respondent.

Argued before MURPHY, C.J., RODOWSKY, McAULIFFE *, CHASANOW, KARWACKI, BELL, JJ. and

---

* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court;  after being recalled

CHARLES E. ORTH,[**] Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

BELL, Judge.

The issue we granted certiorari to resolve involves determining when, after a diligent, but unsuccessful, effort to reconstruct the trial record, a new trial is necessary. The Court of Special Appeals, in an unreported opinion, held that, given the facts and circumstances of this case, reversal of the petitioner's conviction and remand for new trial is inappropriate. Contrary to the intermediate appellate court, we conclude that the matter as to which reconstruction of the transcript was unsuccessful goes to the heart of the appeal. Accordingly, we shall reverse and remand for a new trial.

I.

Robert Wilson, the petitioner, owned and conducted an automobile repair shop at 5070 Wabash Avenue in Baltimore City. These premises were searched pursuant to a search and seizure warrant. Seized as a result of the search were cocaine, a razor blade, and a material used as a "cutting agent" for the mixing of cocaine. These items were found in an office, described by the officer who executed the search and seizure warrant as a second "office to the side," on the top of a 4½ to 5 foot high file cabinet, and in a topless cardboard box, 7 to 8 inches tall. Also found in that office, on top of the desk, was a box of baggies of the same type in which the cocaine was packaged. Neither the petitioner, who was outside on the front parking lot, nor the six employees who were also in or around the premises when the search was conducted, was in the office when the cocaine was seized.

---

pursuant to to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

[**] Orth, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion of the Court.

The issue at the petitioner's trial was whether the petitioner possessed the cocaine or possessed it with the intent to distribute. The State having produced evidence of the foregoing, the petitioner adduced testimony that the office in which the cocaine was found was accessible to all of his employees and, indeed, also to customers who were paying their bills. His office manager testified that the employees were free to use the desk in that office as well as the file cabinet. In fact, she asserted that the top of the file cabinet was "a catch all" where anyone could put anything.

Testifying on direct examination, the petitioner denied being aware that cocaine and the related paraphernalia were on the premises. At the end of the direct examination, the trial court called a recess and, when proceedings resumed, apparently the video tape recorder was not turned. Thus, the petitioner's cross-examination and redirect examination were not recorded. According to the parties' reconstruction of the record, during his cross-examination, among other things, the petitioner "acknowledged he had 'control to a certain extent' and does make final decisions," and described his daily routine and the file cabinet location.

His motion for judgment of acquittal, made at the end of all the evidence, having been denied, the matter was submitted to the jury. The jury returned a verdict finding the petitioner guilty of possession of cocaine and possession of paraphernalia.[1] The petitioner's timely motion for new trial was denied.[2] He was subsequently sentenced to consecutive

---

1. The jury returned a verdict of not guilty as to possession of cocaine with intent to distribute.

2. The reasons advanced in support of the motion for new trial were that the evidence was insufficient to support the verdict; the trial court erred in instructing the jury; the verdict was taken improperly or in a manner that was prejudicial; and the verdict was against the weight of the evidence. The State sees significance in omission from this catalog of alleged errors of any reference to evidentiary rulings, in particular, during the petitioner's cross-examination. We do not agree. First, a defendant is not required to include in a motion for a new trial all of the reasons he or she may have for urging reversal. Furthermore, until

three-year terms of imprisonment, all but one year of each was suspended in lieu of three years probation.

The petitioner's attorney discovered that the petitioner's cross and redirect examination had not been recorded while preparing the petitioner's appeal to the Court of Special Appeals. Thereupon, the petitioner, joined by the State, filed a Motion To Correct Omission In The Record.[3] In support of the motion and, as required by Maryland Rule 8–414(b),[4] counsel for the parties attached a Reconstruction of the Cross-examination and Re-direct Examination Of Mr. Robert Wilson, which was a summarization of the recollections and notes of

---

the transcript of the proceedings have been reviewed, it is not unlikely that a defendant's attorney was not aware that one or more rulings on objections constituted reversible error, although he or she may have been aware that such rulings were made.

3. Maryland Rule 1224d.1.(a) requires that a transcription of "the entire trial on the merits held in open court, including opening statements and closing arguments of counsel" be made in every criminal trial. Maryland Rule 1224A.a. permits, under certain circumstances, that transcription be made by video tape recording. Upon appeal of a circuit court judgment, the appellant, *inter alia*, is required to "cause the original transcript to be filed promptly by the court reporter with the clerk of the lower court for inclusion in the record." Maryland Rule 8–411(c)(2). *See also* Maryland Rule 8–413(a). When the record contains an error or omission, Maryland Rule 8–414 provides a mechanism for its correction. *See* note 4, *infra*.

4. Maryland Rule 8–414 provides, in pertinent part:
   (a) *Authority of Appellate Court.*—On motion of its own initiative, the appellate court may order that an error or omission in the record be corrected.
   (b) *Contents of Motion.*—The motion shall specify the parts of the record or proceedings that are alleged to be omitted or erroneous. A motion that is based on facts not contained in the record or papers on file in the appellate court and not admitted by all the other parties shall be supported by affidavit. The motion shall be accompanied by a proposed order which shall specify the requested corrections or additions.
   (c) *Order to Correct Record.*—The order of the appellate court to correct the record constitutes the correction. The Court may also direct the clerk to take any additional action to implement the correction. An order to supplement the record shall be sent to the clerk of the lower court who promptly shall transmit the additional parts of the record specified in the order.

the trial judge and trial counsel for both the State and the defense. Item 14 of that reconstruction stated:

> During the State's cross-examination defense counsel voiced several objections to questions propounded by the Sate's [sic] attorney. His recollection is that these objections went to what others would do and his client's control of them. The Bases [sic] of the objections were the fact that he was being asked to testify as to what others did or thought. he [sic] recalls his client testifying that since he was the owner, the premises were "under his control." It was the questions dealing with "control" to which objections were made.

Also attached to the motion were affidavits by the trial judge and trial counsel, affirming that the reconstruction reflected their best recollection of the information missing from the transcript. An affidavit by the petitioner also reflected his recollection of what happened.

## II.

On appeal to the Court of Special Appeals, the petitioner acknowledged the efforts made to reconstruct the record, but stated his belief that those efforts were unsuccessful, or at least, not sufficiently successful as to permit meaningful appellate review of his conviction. That being the case, he argued in the intermediate appellate court, as he does here, that his entitlement to a new trial is patent since even the unsuccessful reconstruction of the record "shows that something occurred during the course of the proceeding that may have entitled [him] to relief, [and] it is impossible to determine whether or not [he] is in fact entitled to relief and the record cannot be reconstructed further." Petitioner's brief at 11–12.

The State does not expressly challenge the petitioner's contention that the efforts at reconstruction were unsuccessful. But neither does it agree that the petitioner has, on that account and in any event, been deprived of meaningful appellate review. As the State sees it, whatever the success, or lack of success, of the reconstruction effort, there is no *per se* rule of reversal. Instead, the State argues that the burden is

on the petitioner to demonstrate specific prejudice. The petitioner did not carry that burden in this case, it asserts. In rejecting the petitioner's argument that appellate review was inadequate based on the record before it, even as reconstructed, the Court of Special Appeals applied the same reasoning. After noting the diligence with which the parties attempted to reconstruct the record, the intermediate appellate court opined:

> [A]ppellant has been afforded a meaningful appeal. The substitute record acknowledges that the questions solicited went to the issue of control. Moreover, appellant fails to argue both that the rulings were improper and what damage was sustained; instead, appellant argues that, given the circumstances, they *may* have been improper. This is insufficient to justify reversal.

Slip op. at 7–8.

### III.

The issue in *Smith v. State*, 291 Md. 125, 433 A.2d 1143 (1981) was the adequacy of the record for appellate review where portions of the testimony of two of the State's witnesses had been omitted due to a technical problem with the court's tape recording system. *Id.* at 126, 433 A.2d at 1144. The parties submitted on an agreed statement of facts, which itself acknowledged that the reconstruction of the missing testimony of those State's witnesses was made from affidavits supplied by the State and the trial judge. Neither the affidavit of the trial judge nor of the State's attorney offered any recollection as to objections made by the defense or the court's evidentiary rulings. The affidavit filed by the defendant's counsel "neither substantiated nor conflicted with the information contained in the others, as it stated that he had 'no independent recollection of what should have been contained in the missing portions of the transcript.'" *Id.* at 130, 433 A.2d at 1146. Rather than being "based upon the assertions of specific error," the defendant "argue[d] broadly that the unavailability of a *complete* transcript of proceedings, coupled with the assertedly incomplete memory of his trial counsel, in and of

themselves were such as to deprive appellant of meaningful appellate review." *Id.* at 129, 433 A.2d at 1145.

The Court rejected that argument, reasoning:

Here, it is the failure of appellant to demonstrate that he has been diligent in his attempt to reconstruct the missing testimony which delivers a crucial blow to his argument that a new trial is required; for, as in *Kennedy [v. State,* 289 Md. 54, 421 A.2d 1376 (1980) ], no application was made to the trial judge per Rule 826(c) or 1026(c). No effort whatsoever was made on appeal to supplement the record by motion to the appellate court or to demonstrate the manner, if any, in which the affidavits supplied by the State and the trial court are insufficient to provide appellant with adequate appellate review. The appellant has the responsibility to make a sincere effort to perfect the record. Here he has done nothing.

*Id.* at 138, 433 A.2d at 1150. The Court's analysis started with the premise that not every inadvertent omission in the record requires reversal and a new trial. When the error or omission is insignificant, "[i]t would wreck havoc on the administration of justice to require reversal in each and every case in which it is alleged by the appellant that portions of trial testimony have not been preserved verbatim for review." *Id.* at 133, 433 A.2d at 1147. *Id.* The Court concluded, therefore, that each case must be determined on its own facts and circumstances. *Id.* at 134, 433 A.2d at 1147. Citing cases from other states, it stated "that the inability to prepare a complete verbatim transcript, in and of itself, does not necessarily present a sufficient ground for reversal *Id.* at 136, 433 A.2d at 1148," it being possible that "substitute statements or affidavits can be prepared to replace or supplement the record, thus providing an appellant with adequate material for the court to review." *Id.* at 136, 433 A.2d at 1149. It is only when it is impossible adequately to substitute for the record, we said, that the appellate court need consider a defendant's claim of deprivation of meaningful appellate review. *Id.* at 137, 433 A.2d at 1149. In that event, we pointed out that, not only must the defendant bear the burden of attempting to reconstruct the

record, but when that is not possible, "to show the omissions are not merely inconsequential, but are in some manner relevant on appeal." *Id.* at 136, 433 A.2d at 1149.

There is no issue in this case as to the diligence with which the parties attempted to reconstruct the record. In any event, the petitioner met his burden in that regard when he, along with the State, filed a motion to supply the omission in the record, detailing his, the State's, and the trial court's best recollection of the missing testimony. Nor is there any real question as to the inadequacy of the reconstruction as a substitute for the record; it is not sufficiently detailed to reproduce exactly the missing portion of the transcript. The only issue before the Court, therefore, is whether what the parties were able to reproduce is a sufficient substitute to afford the petitioner adequate appellate review.

If the omission is not completely supplied, to be entitled to a new trial, the petitioner must establish that the missing material rendered his appeal meaningless, *i.e.*, that he was deprived of meaningful appellate review. To accomplish this, he has to show that the omission is not inconsequential, but is "in some manner" relevant to the appeal. We hold that the petitioner met this burden in this case. Indeed, consistent with the parties' agreement, the portion of the transcript which could not be reproduced involved an issue that went to the very heart of the appeal, *i.e.*, whether the petitioner was improperly cross-examined concerning his control of the premises.

The State does not dispute that the central issue in this case is the petitioner's control of the cocaine found on his premises.[5] Clearly, although their recollections are not as precise as those of the petitioner's trial counsel and although the latter's recollection was not specific as to the precise questions to which objections were interposed, neither the State nor the trial court disputes that the petitioner's trial counsel objected

---

**5.** The petitioner was charged with possession of cocaine with intent to distribute and simple possession. He was acquitted as to the distribution charge.

to questions asked by the State, on cross-examination with respect to that issue. Nor do they dispute that the questions objected to "went to what others would do and his client's control of them" and "to what others did or thought."

Where the issue involves the propriety of the State's cross-examination of the defendant and the parties' diligent efforts to reproduce the missing portions of the trial record result in a reconstructed record no more precise than that during the cross-examination of the defendant on the critical issue in the case, objections were made by the defendant, the questions asked, the rulings made, or the grounds of the objections being incapable of further definition, we hold, that the substitution is inadequate to afford the petitioner meaningful appellate review. This is so because in order for an appellate court meaningfully to review an objection, it must know what the precise objection was, perhaps the grounds of the objections, and the context in which the question prompting the objection was asked. Where that knowledge is not known or knowable, through no fault of the parties, the only feasible alternative is to provide the defendant with a new trial, provided that the defendant has borne the burden of establishing the relevance of the missing portions of the record to the issue on appeal. When the parties agree, as these parties have, to the issue and the fact that objections were made, the petitioner has met that burden.

*King v. State Roads Commission*, 284 Md. 368, 396 A.2d 267 (1979) is apposite. There, the appellant having established an error in the method of jury selection utilized in that case, this Court held that it was appropriate to remand the case for the limited purpose of determining whether the appellant had timely objected to the utilization of that method, a fact that the transcript failed to disclose. *Id.* at 369, 396 A.2d at 268. What the Court said in its remand order is particularly instructive (284 Md. at 375, 396 A.2d at 271):

On remand, if, after considering the record, the arguments of counsel, any trial notes he retained, or any other legitimate source, the trial judge's recollection is refreshed to the

extent that he can certify as to what occurred with regard to the alleged objection, the following action should take place: If the court finds the petitioner did not make a timely objection, as specified by this opinion, the judgments previously recorded on May 4, 1978, should be re-entered; however, if it finds that an objection was registered before the jury was impaneled, a new trial should be provided. On the other hand, if the trial judge is unable to reach a conclusion as to whether a timely objection was made, then, in that event, a new trial should be conducted.

In this case, it is clear that an objection was made to questions touching on the crucial issue in the case. What is not clear is what those questions were, and hence, how they impacted on the petitioner's conviction. As in *King*, this uncertainty requires that the petitioner be granted a new trial.

The State argues that the petitioner may be awarded a new trial only if he shows specific prejudice, *i.e.*, "that the questions were improper." The State's brief at 19. It denies that it is suggesting that the petitioner must prove that reversible error occurred. Its denial notwithstanding, that is precisely what the impact of the State's argument is. Where diligent efforts have been made, and there is no dispute in this case as to that issue, and yet it is impossible precisely to reconstruct what was said beyond the fact that it went to the crucial issue in the case, requiring the moving party to show specific prejudice is to require that party to reconstruct that which it has been shown it is impossible to reconstruct. That is not the law. If it were, as the petitioner points out, there would have been no need, in *King*, for this Court to provide the third option, *i.e.*, what was appropriate if the trial judge was unable to reach a conclusion as to whether the appellant in that case had interposed his objections timely.

*JUDGMENT REVERSED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.*