THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Hazel Skelton
 Smith, Appellant,
 v.
 Gina Wilbanks,
 Individually and as Personal Representative of the Estate of J.C. Smith, Jr., Respondent.
 
 
 

Appeal From Anderson County
Barry W. Knobel, Family Court Judge
Unpublished Opinion No. 2009-UP-428
Submitted June 1, 2009  Filed September
 8, 2009    
AFFIRMED

 
 
 
 Michael S. Gambrell, of Greenville, for Appellant.
 William Hood, of Anderson, for Respondent.
 
 
 

PER CURIAM: Hazel Skelton Smith appeals the
 family court's finding she failed to prove by the preponderance of the evidence
 that she and J.C. Smith, Jr.
 (Decedent), her deceased former husband, shared a common-law
 marriage after their divorce.  She maintains the couple's continued
 cohabitation, their purchase of adjoining burial plots, Decedent's leaving a
 life estate in his home to her, their sharing of household chores, and the
 community's recognition of their relationship were evidence of common-law
 marriage.  She also contends she is prejudiced by the failure of a
 substantial portion of her transcript to be transcribed.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether the family
 court erred in finding Smith failed to establish a marital relationship by the
 preponderance of the evidence: Richland Mem'l Hosp. v. English, 295
 S.C. 511, 513, 369 S.E.2d 395, 396 (Ct. App. 1988) (stating the determination of the existence of a
 common-law marriage is a matter of law); Pittman v. Lowther, 363 S.C.
 47, 50, 610 S.E.2d 479, 480 (2005) (providing that in law actions tried without
 a jury, the factual findings of the trial court are to be upheld if supported
 by any evidence);  Barker v. Baker, 330 S.C. 361, 370, 499 S.E.2d 503,
 508 (Ct. App. 1998) (holding because the existence of a common-law marriage is a question of fact in an action sounding in law, this
 court is bound by the family court's factual findings, particularly credibility
 determinations); Callen v. Callen, 365 S.C. 618, 623, 620 S.E.2d 59, 62 (2005) ("The proponent of the
 alleged marriage has the burden of proving the elements by a preponderance of
 the evidence."); Johnson v. Johnson, 235 S.C. 542, 550, 112
 S.E.2d 647, 651 (1960) (finding
 an essential element of a common-law marriage is a mutual agreement between the
 parties to assume the relationship of husband and wife); Callen, 365
 S.C. at 624, 620 S.E.2d at 62 ("The fact finder is to look for mutual
 assent: the intent of each party to be married to the other and a mutual
 understanding of each party's intent."); Barker, 330 S.C. at 368-69, 499 S.E.2d at 507 ("[I]f a party claiming a common-law marriage presents proof of apparent[]
 matrimonial cohabitation and long-term social acceptance of the couple as
 married, a presumption arises that the couple entered into a common-law
 marriage, notwithstanding the absence
 of any proof of an express agreement to enter into a common-law marriage.  The
 presumption, however, in no way lessens the claimant's burden of proving a
 common-law marriage by the preponderance of the evidence. . . . Instead, the
 presumption simply designates the facts that, if proven to the satisfaction of
 the fact-finder, will be sufficient to establish a common-law marriage unless properly rebutted."); id. at 370, 499
 S.E.2d at 508 ("The probate court's conclusion that [alleged husband]
 failed to prove the existence of a common-law marriage is inextricably intertwined with the
 court's determination of the credibility of the witnesses.  For this [c]ourt to
 determine that [he] in fact established long-term social acceptance of [alleged
 wife] and him as married would require us to reject the probate court's
 credibility findings, an action we cannot take in this case."). 
2.  As to whether Smith is prejudiced by the failure of a portion of her
 transcript to be transcribed: State v. Ladson, 373 S.C. 320, 325, 644 S.E.2d 271, 274 (Ct. App.
 2007) (holding a new trial is appropriate if an appellant establishes the
 incomplete nature of the transcript prevents the appellate court from conducting
 a meaningful appellate review); id. at 324-25, 644 S.E.2d at 273 ("Most
 jurisdictions require an appellant to demonstrate specific prejudice flowing
 from an incomplete or reconstructed record. . . . We believe our supreme court
 would follow a rule requiring the party challenging a reconstructed record on
 appeal to demonstrate prejudice flowing from an inadequate record."); Sweat
 v. Crawford, 292 S.C. 324, 327, 356 S.E.2d 147, 149 (Ct. App. 1987) (finding
 omissions from the record did not prejudice appellant because the evidence included
 in the record sufficiently supported the findings of fact made by the referee
 and concurred in by the circuit court). 

AFFIRMED.
HEARN, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.