THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 William Parson, Petitioner,
 v.
 State of South
 Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI
Appeal From Charleston County
 John C. Few, Circuit Court Judge
Memorandum Opinion No. 2011-MO-004
Submitted December 1, 2010  Filed January
 31, 2011   
APPEAL DISMISSED 

 
 
 
 Daniel Lawrence Prenner, Prenner Marvel, P.A., of Charleston, for
 Petitioner.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Office of the
 Attorney General, of Columbia, for Respondent.
 
 
 

CHIEF JUSTICE
 TOAL:  Petitioner seeks a
 writ of certiorari from the denial of his application for post-conviction
 relief (PCR).
Since two members of this Court have determined that there is
 sufficient evidence to support the PCR judge's finding that petitioner did not
 knowingly and intelligently waive his right to a direct appeal, this Court
 grants a writ of certiorari to review the direct appeal issue pursuant to pursuant
 to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986).  We dispense with
 further briefing or argument regarding the direct appeal issue.  
As the direct appeal issue, petitioner argues that he was entitled
 to a directed verdict because the evidence was insufficient to support his magistrate
 court conviction for malicious injury to personal property.  He asserts that he
 is entitled to a new trial since it is impossible to adequately reconstruct the
 record to allow for a meaningful review of this direct appeal issue.  While we
 agree it is impossible to reconstruct the record of the magistrate court proceedings,
 we disagree that this entitles petitioner to a new trial.
The magistrate court conviction occurred in 1992.  The only record
 of this conviction is the Uniform Traffic Ticket, and it indicates that petitioner
 was sentenced to thirty days.  No return, transcript or audio tape apparently exists
 of the criminal proceeding.  The magistrate has no recollection of petitioner's
 case, although the magistrate did present some testimony about his general
 practice in criminal cases.  Therefore, we agree that it is impossible to
 adequately reconstruct the record of the proceedings before the magistrate
 court.
If it is impossible to adequately reconstruct the record to allow
 for meaningful appellate review, the general rule has been to grant a new
 trial.  State v. Ladson, 373 S.C. 320, 644 S.E.2d 271 (Ct. App. 2007)
 (timely appeal, but court reporter could not produce transcript due to a
 failure of the recording equipment).   Where, however, the inability to
 adequately reconstruct the record is due to some fault or unreasonable delay on
 the part of appellant, the appeal has instead been dismissed. Cf. State v. Serrette, 375 S.C. 650, 654 S.E.2d 554 (Ct. App.
 2007) (tapes of trial destroyed during the ten year delay between trial in absentia and sentencing while appellant was a fugitive). 
In the present case, petitioner waited over fourteen years after
 his conviction to seek a belated direct appeal.  After this period of delay, it
 should come as no surprise that it is impossible to adequately reconstruct the
 record.  Further, this delay is attributable to petitioner.  Under these
 circumstances, we hold that a new trial is not appropriate.  Instead, the belated
 appeal must be dismissed since it is impossible to review the directed verdict
 issue without an adequate record.
APPEAL DISMISSED. 

BEATTY,
 KITTREDGE and HEARN, JJ., concur. PLEICONES, J., dissenting in a separate
 opinion.

JUSTICE
 PLEICONES:  I respectfully dissent,
 and would reverse petitioner's conviction for malicious injury to personal
 property due to the lack of a record for appellate review.
As
 the majority recognizes, petitioner's argument could well be barred by laches. 
 However, as we explained in Dearybury v. State, 367 S.C. 34, 625 S.E.2d
 212 (2006), laches is an affirmative defense that must be pled or it is
 waived.  In my opinion, because the State did not raise laches as an
 affirmative defense at the PCR hearing, it is waived.
I
 would therefore find petitioner is entitled to a new trial pursuant to State
 v. Ladson, 373 S.C. 320, 644 S.E.2d 271 (Ct. App. 2007).
For the reasons
 given above, I respectfully dissent.