**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Darius Ransom-Williams, Appellant.

Appellate Case No. 2012-212566

---

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-021
Heard November 2, 2015 – Filed January 20, 2016

---

**AFFIRMED**

---

Sheila Marlouvon Bias, of Richardson Plowden & Robinson, PA, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

---

**PER CURIAM:** Darius Ransom-Williams (Ransom-Williams) appeals his convictions for first-degree burglary and assault and battery of a high and

aggravated nature, arguing the circuit court erred in (1) finding the inclusion of the reconstructed proceedings presented a record sufficient for appellate review, and (2) admitting Ransom-Williams's confession because it was obtained in violation of his constitutional rights. We affirm.

1. We find the circuit court properly held the inclusion of the reconstructed proceedings presented a record sufficient for appellate review. *See Adams v. H.R. Allen, Inc.*, 397 S.C. 652, 656, 726 S.E.2d 9, 12 (Ct. App. 2012) ("[T]he reconstructed record must allow for meaningful appellate review."); *State v. Ladson*, 373 S.C. 320, 324, 644 S.E.2d 271, 273 (Ct. App. 2007) (explaining our state aligned with the majority of jurisdictions that hold the inability to prepare a complete transcript, in and of itself, does not necessarily present a ground for reversal); *id.* at 325, 644 S.E.2d at 273 ("Before a defendant can establish that he is entitled to a new trial on the basis of an inadequate reconstructed record, he must identify a *specific* appellate claim that this court would be unable to review effectively using the reconstructed record." (brackets omitted) (emphasis added) (quoting *Harris v. Comm'r of Corr.*, 671 A.2d 359, 363 (Conn. App. Ct. 1996))); *Sweat v. Crawford*, 292 S.C. 324, 327, 356 S.E.2d 147, 149 (Ct. App. 1987) (finding omissions from the record did not prejudice appellant because the evidence included in the record sufficiently supported the findings of fact made by the referee).

2. We find the circuit court properly held that *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981), did not mandate the suppression of Appellant's statements. *See In re Tracy B.*, 391 S.C. 51, 61, 704 S.E.2d 71, 75–76 (Ct. App. 2010) ("Once an accused has invoked his right to have an attorney present during custodial interrogation, he may not be subjected to further police interrogation 'unless the accused himself initiates further communication, exchanges, or conversations with the police.'" (quoting *Edwards*, 451 U.S. at 484–85 (1981))); *id.* at 65, 704 S.E.2d at 78 ("The United States Supreme Court has stressed 'the *Edwards* rule is not a constitutional mandate, but judicially prescribed prophylaxis.'" (quoting *Maryland v. Shatzer*, 559 U.S. 98, 105 (2010))). Additionally, we find the circuit court correctly determined that Appellant's inculpatory statements were made voluntarily. *See State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("The [circuit court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *id.* ("On appeal, the conclusion of the [circuit court] as to the voluntariness of a statement will not be reversed unless so erroneous as to show an abuse of discretion."); *id.* at 378–79, 652 S.E.2d at 448 ("When reviewing a [circuit court]'s ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own

view of the preponderance of the evidence, but simply determines whether the [circuit court]'s ruling is supported by any evidence.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**