**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michelle Davis Capps, Appellant,

v.

Joseph Harold Capps, Jr., Respondent.

Appellate Case No. 2019-001409

———————

Appeal From Horry County
Jan B. Bromell Holmes, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-021
Heard November 9, 2023 – Filed January 17, 2024

———————

**AFFIRMED AS MODIFIED IN PART, AND REVERSED IN PART**

———————

Julaan Derrick, of Julaan Derrick, Attorney at Law, of Conway, and Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Appellant.

Benjamin Rogers Gooding and Vordman Carlisle Traywick, III, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia; and Anita Floyd Lee, of Conway, for Respondent.

———————

**PER CURIAM:** Michelle Davis Capps (Wife) appeals the family court's order in this rule to show cause arising out of her divorce from Joseph Harold Capps, Jr. (Husband).  Wife maintains the family court erred in finding she violated its order by harassing Husband and alienating him from the parties' two daughters.  Wife further maintains the family court erred in awarding Husband attorney's fees.  Finally, Wife appeals the order of this court remanding the matter for a reconstruction of the record as to a portion of the transcript from the rule to show cause hearing that was lost.  We affirm as modified in part and reverse in part.

1.  As to this court's order remanding the matter to the family court for reconstruction of the record, we affirm.  *See Adams v. H.R. Allen, Inc.*, 397 S.C. 652, 656-57, 726 S.E.2d 9, 12 (Ct. App. 2012) ("A new trial is . . . appropriate if the appellant establishes that the incomplete nature of the transcript prevents the appellate court from conducting a meaningful appellate review." (quoting *State v. Ladson*, 373 S.C. 320, 325, 644 S.E.2d 271, 274 (Ct. App. 2007))); *Ladson*, 373 at 327, 644 S.E.2d at 274-75 (granting appellant a new trial when he demonstrated clear prejudice based on missing portions of the trial transcript).  Here, the record demonstrates the family court had made copious notes regarding pertinent testimony at the rule to show cause hearing.  Wife offered no affidavits at the reconstruction hearing and only sought to add a few pieces of information about Husband's cross-examination that do not appear to have been particularly beneficial to her.  Further, the trial exhibits included in the record on appeal aid in developing a fuller picture of the state of affairs between the parties.  Based on all the circumstances, we are able to conduct a meaningful review, and Wife has not demonstrated the reconstruction prejudiced her.

2.  As to the family court's determination Wife harassed Husband by modifying her bank account to prohibit his deposit of her alimony payment, we find Husband failed to prove a violation of the family court's order by clear and convincing evidence.  *See Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) (explaining the appellate court's standard of review in family court cases is de novo); *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Tirado v. Tirado*, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000) ("A finding of contempt . . . must be reflected in a record that is 'clear and specific as to the acts or conduct upon which such finding is based.'" (quoting *Curlee v. Howle*, 277 S.C. 377, 382, 287 S.E.2d 915, 918 (1982))); *Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 607, 567 S.E.2d 514, 519 (Ct. App. 2002) ("[C]ontempt results from willful disobedience of a court order; and before a person may be held in contempt, the record must be

clear and specific as to acts or conduct upon which the contempt is based." (quoting *State v. Bevilacqua*, 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct. App. 1994))); *id.* at 607-08, 567 S.E.2d at 520 ("A willful act is . . . one done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say with bad purpose either to disobey or disregard the law." (quoting *Bevilacqua*, 316 S.C. at 129, 447 S.E.2d at 217)). The family court's order did not specify the manner in which alimony payments must be paid or accepted, and the record demonstrates Husband refused to attempt to render the payment in alternative forms Wife suggested, including via certified mail. Consequently, the family court's finding of contempt as to this issue is reversed.

3. As to the family court's determination Wife harassed Husband by failing to repair the brick columns at the parties' former marital residence as well as by suggesting she would sue him in magistrate's court, we find Husband failed to prove a violation of the family court's order by clear and convincing evidence. *See Lewis*, 392 S.C. at 386, 709 S.E.2d at 652 (explaining the appellate court's standard of review in family court cases is de novo); *Widman*, 348 S.C. at 119, 557 S.E.2d at 705 ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Tirado*, 339 S.C. at 654, 530 S.E.2d at 131 ("A finding of contempt . . . must be reflected in a record that is 'clear and specific as to the acts or conduct upon which such finding is based.'" (quoting *Curlee*, 277 S.C. at 382, 287 S.E.2d at 918)); *Cheap-O's Truck Stop, Inc.*, 350 S.C. at 607, 567 S.E.2d at 519 ("[C]ontempt results from willful disobedience of a court order; and before a person may be held in contempt, the record must be clear and specific as to acts or conduct upon which the contempt is based." (quoting *Bevilacqua*, 316 S.C. at 129, 447 S.E.2d at 217)); *id.* at 607-08, 567 S.E.2d at 520 ("A willful act is . . . one done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say with bad purpose either to disobey or disregard the law." (quoting *Bevilacqua*, 316 S.C. at 129, 447 S.E.2d at 217)). While Wife's refusal to resolve the issue on terms that were satisfactory to Husband may have frustrated him, it was Wife's right to determine the manner in which she would repair the column that Husband admitted he damaged. Additionally, she was entitled to pursue a legal remedy through the judicial system if she so chose. We conclude this conduct does not rise to the level of harassment as contemplated by the family court's order and therefore reverse this finding.

4. Regarding the family court's determination Wife denigrated Husband to the parties' children, we find Husband established a violation of the family court's

order by clear and convincing evidence. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court in making credibility determinations." (footnote omitted)); *Widman*, 348 S.C. at 119, 557 S.E.2d at 705 ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Tirado*, 339 S.C. at 654, 530 S.E.2d at 131 ("A finding of contempt . . . must be reflected in a record that is 'clear and specific as to the acts or conduct upon which such finding is based.'" (quoting *Curlee*, 277 S.C. at 382, 287 S.E.2d at 918)); *Cheap-O's Truck Stop, Inc.*, 350 S.C. at 607, 567 S.E.2d at 519 ("[C]ontempt results from willful disobedience of a court order; and before a person may be held in contempt, the record must be clear and specific as to acts or conduct upon which the contempt is based." (quoting *Bevilacqua*, 316 S.C. at 129, 447 S.E.2d at 217)); *id.* at 607-08, 567 S.E.2d at 520 ("A willful act is . . . one done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say with bad purpose either to disobey or disregard the law." (quoting *Bevilacqua*, 316 S.C. at 129, 447 S.E.2d at 217)). We find the testimony, texts, and audio recording of Husband and Wife's confrontation regarding one daughter's recording Husband provides clear and convincing evidence Wife discussed inappropriate topics in front of the parties' daughters and encouraged the daughters' lack of respect toward their father. Furthermore, the family court observed Wife's testimony at this rule to show cause hearing, as well as a prior rule to show cause hearing, and found Wife to not be credible. Consequently, we affirm the family court as to its finding of contempt on this point.

5. As to attorney's fees, based on our disposition of the prior matters, we reduce the amount of attorney's fees awarded to Husband by two-thirds to $13,333.33.[1] *See Myers v. Myers*, 391 S.C. 308, 322, 705 S.E.2d 86, 94 (Ct. App. 2011) (adjusting the wife's entitlement to attorney's fees based appellate court's decisions that diminished her beneficial results); *Bojilov v. Bojilov*, 425 S.C. 161, 191, 819 S.E.2d 791, 807 (Ct. App. 2018) ("The appellate court may reverse an attorney's fees award when the beneficial results achieved by trial counsel are reversed on appeal."). We therefore affirm the family court's award of attorney's fees as modified.

**AFFIRMED AS MODIFIED IN PART AND REVERSED IN PART.**

---

[1] The $1,500 fine payable to the family court remains in place.

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**